KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Keith Safford

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Safford, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Asset Recovery Associates; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Keith Safford, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Keith Safford (hereafter "Plaintiff"), is an adult individual residing in Scottsdale, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Asset Recovery Associates (hereafter "Defendant"), is an Illinois business entity with an address of 222 N. Lasalle Street, Suite 300, Chicago, IL 60601, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Asset and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Asset at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Asset for collection, or Asset was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Asset Engages in Harassment and Abusive Tactics**

12. Asset placed a call to Plaintiff on March 3, 2011, in an attempt to collect the Debt.

13. The alleged debt relates to a car repossession which took place back in 2000.

3

14. Plaintiff told Asset that the Debt does not belong to him and that he did not own a car back in 2000.

15. Although the statute of limitations has long expired, Asset told Plaintiff that if he did not pay the Debt immediately, then Asset would take legal action against Plaintiff.

16. Asset insisted that Plaintiff speak to Asset's attorney immediately to arrange for payment on the debt.

17. Asset threatened to garnish Plaintiff's wages in an attempt to collect the Debt. No such action has been taken to date.

18. Asset told Plaintiff, "I see that you have been trying to fix your credit. If this [Asset's attempts to collect the Debt] gets to Court, this will wipe out your attempts to fix your credit. You'll destroy your credit."

19. Asset spelled out Plaintiff's social security number over the phone and made reference to Plaintiff's employment history with the airforce in a threatening and intrusive manner.

20. Asset conducted an inquiry on Plaintiff's credit report without Plaintiff's consent.

4

### C. Plaintiff Suffered Actual Damages

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

24. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

25. The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

26. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

27. The Defendants threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

28. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

5

29.     The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

30.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D.  Actual damages from the Defendants for the all as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

    E.  Punitive damages;

    F.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: March 23, 2011                    KINDRA DENEAU


                                         By: _/s/  Kindra Deneau_
                                         Kindra Deneau

                                         Attorney for Plaintiff
                                         Keith Safford